**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Testwell, Inc.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

TESTWELL, INC.,

                              Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 09-22796 (RDD)

## STIPULATION AND ORDER (i) AUTHORIZING CONTINUED USE OF CASH COLLATERAL; (ii) PROVIDING ADEQUATE PROTECTION TO TD BANK; (iii) EXTENDING RETENTION OF HARRY MALINOWSKI AS CHIEF RESTRUCTURING OFFICER; AND (iv) GRANTING RELATED RELIEF

### Recitals

A. On May 13, 2009, Testwell, Inc. ("Testwell" or "Debtor") filed a voluntary petition for relief under Chapter 11, Title 11, United States Code (the "Bankruptcy Code").

B. Contemporaneously with the Chapter 11 filing, the Debtor filed a motion dated May 13, 2009, pursuant to Bankruptcy Code §363 to utilize TD Bank, N.A.'s ("TD Bank") cash collateral (the "Cash Collateral Motion").

C. On May 15, 2009, this Court held a preliminary hearing on the Cash Collateral Motion and the parties were able to reach an agreement for the interim use of up to $335,000.00 of TD Bank's cash collateral conditioned upon TD Bank's receipt of adequate protection payments aggregating $500,000.00, which agreement was approved by an Order dated May 18, 2009 (the "Cash Collateral Order").

D. By stipulation and order, "so ordered" by this Court on May 27, 2009 (ECF Docket #33) the Debtor was granted authority to utilize up to an additional $155,000.00 of TD Bank's cash

{Client\003018\BANK154\00239852.DOC;1}

collateral to through and including June 2, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments totaling another $500,000.00 (which have been paid).

E. By stipulation and order, so ordered by this Court on June 4, 2009 (ECF Docket #38) (the "June 4, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including June 22, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

F. By stipulation and order, "so ordered" by this Court on June 23, 2009 (ECF Docket #46) (the "June 23, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including July 13, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

G. By stipulation and order, so ordered by this Court on July 14, 2009 (ECF Docket #59) (the "July 14, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including July 20, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

H. By stipulation and order, so ordered by this Court on July 24, 2009 (ECF Docket #70) (the "July 24, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including August 5, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

I. By stipulation and order, so ordered by this Court on August 7, 2009 (ECF Docket #85) (the "August 7, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including August 29, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

J. By stipulation and order, so ordered by this Court on September 4, 2009 (ECF Docket #99) (the "September 4, 2009 Cash Collateral Stipulation"), the Debtor was granted

authority to utilize TD Bank's cash collateral through and including September 26, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

K. By stipulation and order, so ordered by this Court on October 8, 2009 (ECF Docket #112) (the "October 8, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including October 9, 2009 (but including payroll through October 16, 2009), conditioned upon TD Bank's receipt of additional adequate protection payments, which adequate payments were made.

L. By stipulation and order, so ordered by this Court on October 15, 2009 (ECF Docket #121) (the "October 15, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including November 14, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

M. By stipulation and order, so ordered by this Court on December 2, 2009 (ECF Docket #154) (the "December 2, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including December 5, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments.

N. By stipulation and order, so ordered by this Court on December 23, 2009 (ECF Docket #161) (the "December 23, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including January 9, 2010, conditioned upon TD Bank's receipt of additional adequate protection payments.

O. Pursuant to an interim order dated June 1, 2009, the Debtor was authorized to retain Harry Malinowski ("Malinowski") as Chief Restructuring Officer for the period of May 15, 2009 through June 22, 2009, without prejudice to the Debtor's right to further extend the terms of Malinowski's retention.

P. Pursuant to the June 23, 2009 Cash Collateral Stipulation, Malinowski's retention

was extended through and including July 13, 2009.

Q.      Pursuant to the July 14, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including July 20, 2009.

R.      Pursuant to the July 24, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including August 5, 2009.

S.      Pursuant to the August 7, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including August 29, 2009.

T.      Pursuant to the September 4, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including September 26, 2009.

U.      Pursuant to the October 8, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including October 16, 2009.

V.      Pursuant to the October 15, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including November 14, 2009.

W.      Pursuant to the December 2, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including December 5, 2009.

X.      Pursuant to the December 23, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including January 9, 2010.

Y.      The Debtor and TD Bank have agreed to (i) the continued use of cash collateral to through and including February 20, 2010; and (ii) to the extension of Malinowski's retention to through and including February 20, 2010; upon the terms and conditions set forth below.

**THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1.      The Debtor is authorized to utilize TD Bank's cash collateral to meet its necessary and required operating expenses (including payroll), between January 9, 2010 and February 20, 2010, as set forth in the budget annexed hereto as **Exhibit "A"** (in addition to necessary expenses

and disbursements that were included in the budget to be paid during the period from December 7, 2009 to January 23, 2010, but were deferred).

2. As adequate protection for Debtor's continued use of TD Bank's cash collateral through February 20, 2010, the Debtor shall pay to TD Bank:

(a) a payment of $75,000.00 on or before January 29, 2010 (of which $55,000 to be paid only in the event that Debtor receives the proceeds of its $190,000 settlement with the Related Companies (as reported to the Court on January 25, 2010)); and

(b) a payment of $10,000.00 on February 5, 2010;

(c) a payment of $10,000.00 on February 12, 2010; and

(d) a payment of $15,000.00 on February 19, 2010.

(e) The proceeds, not to exceed $115,000, from the anticipated collection(s) and/or settlements from the New York City Department of Environmental Protection (Job No. MFN4) and El Ad Group (Job Nos. MAK 37, 42, 45, REY 2, 6, 7, MBH 10).

3. In addition to the payments provided for in paragraph "2" above, to the extent the Debtor has monies in its operating account in excess of $120,000.00 as of the close of business on February 20, 2010 (<u>after</u> making the adequate protection payments specified in "2(a) - (e)" and all disbursements during the Budget Period provided for in the budget), the Debtor shall pay such excess funds to TD Bank as additional adequate protection (the "Additional Adequate Protection Payments"). Notwithstanding the foregoing, in the event the Debtor's cash receipts from operations during the period from January 24, 2010 through the close of business on February 19, 2010 exceed the sum of $460,000 (inclusive of any amounts collected by the Debtor in respect of the Debtor's claim for work, labor and services that is the subject of Adversary Proceeding No. 09-08318 commenced by the Debtor against The Related Companies, L.P.) and except for monies subject to 2(e) above up to $115,000, then Debtor shall have the right (but not the obligation) to use

such excess cash receipts on February 19, 2010 to make additional rental payments on the Ossining facility to cure arrearages and make additional payments and to pay post-petition back wages (not to exceed $20,308) to a certain employee in excess of such employee's customary bi-weekly payments.

4. As additional adequate protection, the Debtor shall pay TD Bank 100% of any collections it receives from the accounts receivable due from The City of New York School Construction Authority and the State of New York Dormitory Authority, up to a maximum cap of $967,586.93 less the amount of any adequate protection payments made to TD Bank pursuant to sub-paragraphs "2(a)" through "2(e)" and paragraph "3" above.

5. With the exception of any payments made by Debtor to TD Bank pursuant to paragraph "4" above, the adequate protection payments contemplated by this Stipulation and Order shall be in addition to (and not in substitution of) any payments to TD Bank that are made by the Debtor pursuant to an Order of the Court granting the relief sought by the Debtor on its "Motion For An Order Authorizing The Debtor To Enter Into A Stipulation (i) Authorizing Turnover Of Monies Due Debtor From Affiliated Entities And (ii) Providing An Additional Adequate Protection Payment To Bank" (the "DrillTech Motion", Docket No. 114) which motion was granted by the Court at a hearing on January 25, 2010 (the Court, upon the conclusion of the hearing, having directed the Debtor to submit a proposed Order for entry). With respect to the payments contemplated by paragraph "4" above only, the amount of any such payments required to be made to TD Bank by the Debtor shall be reduced by the amount of any payments received by TD Bank pursuant to relief granted by the Court in respect of the DrillTech Motion.

6. The adequate protection payments to TD Bank, required hereby shall be without prejudice to TD Bank's and the Debtor's arguments on allocation of payments under 11 U.S.C. §506. TD Bank shall be granted a replacement lien, to the extent of any diminution of its collateral

on any newly generated accounts receivable to the same extent and priority that TD Bank had as of the date of the Chapter 11 filing.

7. All other terms and conditions set forth in the June 4, 2009 Cash Collateral Stipulation, other than the adequate protection payments as set forth above, shall remain in full force and effect.

8. Malinowski's retention shall be extended on an interim basis to through and including February 20, 2010, as modified by the September 4, 2009 Cash Collateral Stipulation.

9. A further hearing, on the Debtor's request, to utilize cash collateral shall be held before this Court on February 23, 2010 at 10:00 a.m.

Dated: New York, New York
       January 27, 2010

| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP**<br>*Attorneys for Testwell, Inc.*<br>*Debtor and Debtor-in-Possession* | **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**<br>*Attorneys for TD Bank, N.A.* |
| By: /s/ Scott S. Markowitz<br>    Scott S. Markowitz<br>    1350 Broadway, 11th Floor<br>    New York, New York 10018<br>    (212) 216-8000 | By: /s/ Stanley L. Lane, Jr.<br>    Stanley L. Lane, Jr.<br>    230 Park Avenue<br>    New York, New York 10169<br>    (212) 661-9100 |

SO ORDERED:

Dated: White Plains, New York
       January 27, 2010

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE