**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Testwell, Inc.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Ira R. Abel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                       Chapter 11

TESTWELL, INC.,

                                       Case No. 09-22796 (RDD)

                    Debtor.
------------------------------------------------------------x

**APPLICATION IN SUPPORT OF ORDER UNDER 11 U.S.C. §363(b)(1) AUTHORIZING EMPLOYMENT AND RETENTION OF HARRY MALINOWSKI AS CHIEF RESTRUCTURING OFFICER OF THE DEBTOR *NUNC PRO TUNC* TO AUGUST 1, 2009**

TO:    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

Testwell, Inc., debtor and debtor-in-possession (the "Debtor"), by its counsel, Tarter Krinsky & Drogin LLP, respectfully represents:

**PRELIMINARY STATEMENT**

1. By this application (the "Application"), the Debtor seeks an order authorizing the continued employment and retention of Harry Malinowski ("Malinowski") as the Debtor's chief restructuring officer (the "CRO") to perform required management services. The Debtor seeks to retain Malinowski's pursuant to §363 of Title 11, United States Code (the "Bankruptcy Code"). Except for the statutory basis of Malinowski's retention, his duties, services to the estate and compensation structure will remain the same as previously authorized by this Court.

2. By an interim order dated June 1, 2009, Malinowski was retained pursuant to §§327 and 328 of the Bankruptcy Code, as CRO. In addition, Buccino & Associates, Inc. ("Buccino") Malinowski's then employer, was retained as restructuring and financial advisor to the Debtor. See, ECF Docket No. 37. Buccino was engaged pursuant to an engagement letter which provided that Buccino would designate Malinowski as the Debtor's CRO. Pursuant to a series of cash collateral stipulations, Malinowski's retention has been extended to through and including February 20, 2010. Effective July 31, 2009, Malinowski was no longer employed by Buccino. Pursuant to a supplemental affidavit dated September 1, 2009, Malinowski disclosed the fact that he was no longer employed by Buccino and disclosed the terms of the agreement between himself and Buccino with regard to his separation. Malinowski has continued to act as the Debtor's CRO. Since July 31, 2009, Buccino has had no further involvement with regard to the Debtor. Malinowski filed an interim fee application which encompassed Buccino's services, which were rendered prior to Malinowski's separation from Buccino. The U.S. Trustee raised an issue as to whether Malinowski was a "disinterested person" as that term is defined in the Bankruptcy Code due to the fact Malinowski is the Debtor's CRO. Therefore, the Debtor now seeks to retain Malinowski, pursuant to §363 of the Bankruptcy Code, *nunc pro tunc* to August 1, 2009, the date on which he separated from Buccino.

3. As a result of Malinowski's employment as CRO during this case, he has acquired significant knowledge of the Debtor and its business and now is well familiar with the Debtor's financial affairs, debt structure, operations, and related matters. Likewise, in providing services as the Debtor's CRO, Malinowski has worked closely with the Debtor's remaining staff and the Debtor's retained professionals. Accordingly, Malinowski possesses relevant experience

and expertise regarding the Debtor that will assist him in continuing to provide effective and efficient services in this case.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334 and the standing Order of Referral of Cases to Bankruptcy Judges of the District Court of New York, dated July 10, 1984 (Ward, Acting CJ). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested is § 363 of the Bankruptcy Code.

## BACKGROUND

5. On May 13, 2009 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

6. The Debtor continues in the possession and control of its business and property as a debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108. No trustee or examiner has been appointed in this case.

7. No committee of unsecured creditors has been appointed to serve in the Debtor's Chapter 11 case.

8. The Debtor is a privately held corporation organized under the laws of the State of New York. The Debtor is engaged in the business of controlled inspections and materials testing related to the construction industry. The Debtor was once the largest material testing company in the New York City Metropolitan area.

**BASIS FOR RELIEF**

9. The retention of corporate officers and other temporary employees is proper under §363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that the trustee or debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). Section 363 of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by court order. Under applicable case law, in this and other jurisdictions, if a debtor's proposed use of its assets pursuant to §363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. See, e.g., Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); Comm. of Asbestos-Related Litigants v. Johns-Manville Carp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

**MALINOWSKI'S RETENTION UNDER §363(b)(1)
OF THE BANKRUPTCY CODE IS APPROPRIATE**

10. By this Application, the Debtor seeks to continue Malinowski's retention under §363 of the Bankruptcy Code. The initial order of this Court dated June 1, 2009, retained Malinowski and Buccino pursuant to §§327 and 328 of the Bankruptcy Code. The subsequent cash collateral stipulations extending Malinowski's retention were silent as to the statutory basis for his

continued retention as CRO.

11. Malinowski has periodically reviewed his files during the pendency of this case to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent that Malinowski discovers any new relevant facts or relationships bearing on the matters described herein during the period of his retention as CRO, Mailinowski will use reasonable efforts to promptly file a supplemental declaration.

12. Malinowski has continued to be paid his agreed upon fees in the ordinary course of the Debtor's business upon consent of the Debtor's secured creditor, TD Bank. TD Bank's counsel has continued to sign cash collateral stipulations extending Malinowski's retention. Malinowski continues to perform services as CRO on nearly a daily basis for the Debtor.

## NOTICE

13. The Debtor intends to serve a copy of this Application upon counsel for TD Bank as well as the United States Trustee.

14. Rule 2014 of the Federal Rules of Bankruptcy Procedure only requires professional retention applications to be served upon the United States Trustee and that the application be filed. As such, the Debtor submits that notice to TD Bank and the United States Trustee is sufficient notice.

## NO PRIOR REQUEST

15. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, it is respectfully requested that this Court enter an order authorizing the Debtor to continue Malinowski's retention as CRO, pursuant to §363 of the Bankruptcy Code, *nunc pro tunc* to August 1, 2009, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 5, 2010

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Testwell, Inc.*
*Debtor and Debtor-in-Possession*

By: /s/ Scott S. Markowitz
    Scott S. Markowitz
    Ira R. Abel
    1350 Broadway, 11th Floor
    New York, New York 10018
    (212) 216-8000