**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Testwell, Inc.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

TESTWELL, INC.,

                            Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 09-22796 (RDD)

## STIPULATION AND ORDER (i) AUTHORIZING CONTINUED USE OF CASH COLLATERAL; (ii) PROVIDING ADEQUATE PROTECTION TO TD BANK; (iii) EXTENDING RETENTION OF HARRY MALINOWSKI AS CHIEF RESTRUCTURING OFFICER; AND (iv) GRANTING RELATED RELIEF

### Recitals

A. On May 13, 2009, Testwell, Inc. ("Testwell" or "Debtor") filed a voluntary petition for relief under Chapter 11, Title 11, United States Code (the "Bankruptcy Code").

B. Contemporaneously with the Chapter 11 filing, the Debtor filed a motion dated May 13, 2009, pursuant to Bankruptcy Code §363 to utilize TD Bank, N.A.'s ("TD Bank") cash collateral (the "Cash Collateral Motion").

C. On May 15, 2009, this Court held a preliminary hearing on the Cash Collateral Motion and the parties were able to reach an agreement for the interim use of up to $335,000.00 of TD Bank's cash collateral conditioned upon TD Bank's receipt of adequate protection payments aggregating $500,000.00, which agreement was approved by an Order dated May 18, 2009 (the "Cash Collateral Order").

D. By stipulation and order, "so ordered" by this Court on May 27, 2009 (ECF Docket #33) the Debtor was granted authority to utilize up to an additional $155,000.00 of TD Bank's cash

{Client\003018\BANK154\00256134.DOC;6}

collateral to through and including June 2, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments totaling another $500,000.00 (which have been paid).

E. By stipulation and order, so ordered by this Court on June 4, 2009 (ECF Docket #38) (the "June 4, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including June 22, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

F. By stipulation and order, "so ordered" by this Court on June 23, 2009 (ECF Docket #46) (the "June 23, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including July 13, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

G. By stipulation and order, so ordered by this Court on July 14, 2009 (ECF Docket #59) (the "July 14, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including July 20, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

H. By stipulation and order, so ordered by this Court on July 24, 2009 (ECF Docket #70) (the "July 24, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including August 5, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

I. By stipulation and order, so ordered by this Court on August 7, 2009 (ECF Docket #85) (the "August 7, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including August 29, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

J. By stipulation and order, so ordered by this Court on September 4, 2009 (ECF Docket #99) (the "September 4, 2009 Cash Collateral Stipulation"), the Debtor was granted

authority to utilize TD Bank's cash collateral through and including September 26, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

K. By stipulation and order, so ordered by this Court on October 8, 2009 (ECF Docket #112) (the "October 8, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including October 9, 2009 (but including payroll through October 16, 2009), conditioned upon TD Bank's receipt of additional adequate protection payments, which adequate payments were made.

L. By stipulation and order, so ordered by this Court on October 15, 2009 (ECF Docket #121) (the "October 15, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including November 14, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

M. By stipulation and order, so ordered by this Court on December 2, 2009 (ECF Docket #154) (the "December 2, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including December 5, 2009, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

N. By stipulation and order, so ordered by this Court on December 23, 2009 (ECF Docket #161) (the "December 23, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including January 9, 2010, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

O. By stipulation and order, so ordered by this Court on January 27, 2010 (ECF Docket #183) (the "January 27, 2009 Cash Collateral Stipulation"), the Debtor was granted authority to utilize TD Bank's cash collateral through and including February 20, 2010, conditioned upon TD Bank's receipt of additional adequate protection payments (which have been paid).

P. Subsequent to the expiration of the January 27, 2010 Cash Collateral Stipulation, the Debtor, with the express consent of TD Bank, has continued to operate on a wind-down basis and utilize TD Bank's cash collateral and make certain adequate protection payments to TD Bank (which have been paid).

Q. Pursuant to an interim order dated June 1, 2009, the Debtor was authorized to retain Harry Malinowski ("Malinowski") as Chief Restructuring Officer for the period of May 15, 2009 through June 22, 2009, without prejudice to the Debtor's right to further extend the terms of Malinowski's retention.

R. Pursuant to the June 23, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including July 13, 2009.

S. Pursuant to the July 14, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including July 20, 2009.

T. Pursuant to the July 24, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including August 5, 2009.

U. Pursuant to the August 7, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including August 29, 2009.

V. Pursuant to the September 4, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including September 26, 2009.

W. Pursuant to the October 8, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including October 16, 2009.

X. Pursuant to the October 15, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including November 14, 2009.

Y. Pursuant to the December 2, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including December 5, 2009.

Z. Pursuant to the December 23, 2009 Cash Collateral Stipulation, Malinowski's retention was extended through and including January 9, 2010.

AA. Pursuant to the January 27, 2010 Cash Collateral Stipulation, Malinowski's retention was extended through and including February 20, 2010.

BB. By order dated March 1, 2010 (the "Retention Order"), the Debtor was authorized pursuant to 11 U.S.C §363(b) to retain Malinowski as its Chief Restructuring Officer, *nunc pro tunc*, to August 1, 2009, without prejudice to the Debtor's right to further extend the terms of Malinowski's retention.

CC. The Debtor and TD Bank have agreed to (i) the continued use of cash collateral to through and including May 29, 2010; and (ii) to the extension of Malinowski's retention to through and including May 29, 2010, conditioned upon compliance with the terms and conditions set forth below.

**THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1. Absent the occurrence of a default hereunder, the Debtor is authorized to utilize TD Bank's cash collateral to meet its necessary and required operating expenses (including payroll), between March 29, 2010 and May 29, 2010, as set forth in the budget annexed hereto as **Exhibit "A"** (the "**April/May Budget**") (in addition to necessary expenses and disbursements that were included in the budget to be paid during the week ended March 27, 2010, but were deferred pending the entry of this order). Notwithstanding the foregoing, the projected disbursement in the amount of $55,169 for payment of insurance during the week ended April 24, 2010 (as set forth on the April/May Budget) shall not be disbursed absent consultation between the Debtor and TD Bank. TD Bank shall have no obligation to re-advance additional funds to Testwell to pay budgeted expenses in the event that Testwell's collections from operations prove insufficient to fund such budgeted expenses.

2. As adequate protection for the use of TD Bank's cash collateral, the Debtor shall pay to TD Bank minimum payments of $15,000 per week, commencing the week ended April 3, 2010 through and including the week ended May 8, 2010. For the week ended May 15, 2010 through and including May 29, 2010, the Debtor shall make minimum weekly adequate protection payments of $20,000. As additional adequate protection, the Debtor shall pay to TD Bank (i) 100% of collections from operations in excess of $ $400,000 for the period between March 21, 2010 through May 1, 2010; and (ii) 100% of the collections from operations in excess of $570,000 for the period between March 21, 2010 through May 29, 2010, as adjusted for excess payments made in (i) above. Such additional adequate protection payments shall be made on May 3, 2010 and June 1, 2010. TD Bank shall also receive 100% of the proceeds from all litigation recoveries (e.g., recoveries of accounts receivable as to which an adversary proceeding has been commenced) between April 2, 2010 and May 29, 2010.

3. The Debtor's failure to make minimum adequate protection payments of $75,000 between April 2, 2010 and May 3, 2010 shall be deemed a material default of this Cash Collateral Stipulation. The Debtor's failure to make minimum adequate protection payments of $75,000 between May 7, 2010 and June 1, 2010 shall be deemed a material default of this Cash Collateral Stipulation.

4. As further adequate protection for Testwell's continued use of cash collateral through May 29, 2010, all net proceeds recovered from the sale or other disposition of any of Testwell's remaining machinery and equipment assets (including vehicles) shall be remitted to TD Bank for further application in reduction of Testwell's remaining secured indebtedness to Testwell.

5. The adequate protection payments to TD Bank required hereby shall be without prejudice to TD Bank's and the Debtor's arguments on allocation of payments under 11 U.S.C. §506. TD Bank shall be granted a replacement lien, to the extent of any diminution of its collateral

on any newly generated accounts receivable to the same extent and priority that TD Bank had as of the date of the Chapter 11 filing.

6. All other terms and conditions set forth in the June 4, 2009 Cash Collateral Stipulation, other than the adequate protection payments as set forth above, shall remain in full force and effect.

7. Malinowski's retention shall be extended on an interim basis through and including May 29, 2010, as modified by the September 4, 2009 Cash Collateral Stipulation and the Retention Order. Notwithstanding the foregoing, it is agreed that, provided sufficient funds are available to pay Malinowski's earned monthly fee, (i) Malinowski's earned monthly fee for the month of April, 2010 in an amount not to exceed $30,000 shall be paid in three monthly installments of $10,000, payable on April 12, 2010, April 19, 2010 and May 3, 2010, and (ii) Malinowski's earned monthly fee for the month of May, 2010 in an amount not to exceed $30,000 shall be paid in three monthly installments of $10,000, payable on May 10, 2010, May 17, 2010 and June 1, 2010, except that (a) in the event that the aggregate amount of the funds (obtained from the collection of Testwell's receivables as to which no adversary proceeding has been commenced) paid to TD Bank in the reduction of Testwell's remaining secured indebtedness between April 1, 2010 and May 3, 2010 is less than $100,000, then Malinowski shall defer, but not waive, payment of $10,000 from his fee for April 2010 to June 1, 2010, and (b) in the event that the aggregate amount of funds (obtained from the collection of Testwell's receivables as to which no adversary proceeding has been commenced) paid to TD Bank in the reduction of Testwell's remaining secured indebtedness between April 1, 2010 and May 3, 2010 is greater than $100,000 but less than $150,000, then Malinowski shall defer, but not waive, payment of $5,000 from his fee for April 2010 to June 1, 2010.

8. The Court's August 10, 2009 Order Establishing Procedures For Monthly Compensation and Reimbursement of Professionals is hereby modified to the extent of limiting the

payments to be made to Testwell's counsel to the lesser of (i) actual time billed and disbursements recorded, or (ii) $25,000.00 per month from April 1, 2010 through May 29, 2010.

9. The amount of the $50,000.00 carve-out for the professional fees of Testwell's counsel, Tarter, Krinsky & Drogin LLP (as provided for in the June 4, 2009 Cash Collateral Stipulation) shall be increased to $75,000.00. Malinowski is hereby granted a carve-out of $30,000 per month.

10. A further hearing, on the Debtor's request, to utilize cash collateral shall be held before this Court on April 26, 2010 at 10:00 a.m.

Dated: New York, New York
April 2, 2010

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Testwell, Inc.*
*Debtor and Debtor-in-Possession*

By: /s/ Ira R. Abel
Scott S. Markowitz
Ira R. Abel
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**
*Attorneys for TD Bank, N.A.*

By: /s/ Stanley L. Lane, Jr.
Stanley L. Lane, Jr.
230 Park Avenue
New York, New York 10169
(212) 661-9100

SO ORDERED:

Dated: White Plains, New York
April 5, 2010

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE